IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMION D. FLOWERS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-684-C (BT) |
| | § | |
| TAYLOR FARM, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Damion Flowers filed a *pro se* civil action alleging employment discrimination, which the Court referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). The Court granted Plaintiff leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. Having screened the complaint, the magistrate judge recommends that Plaintiff's complaint be DISMISSED.

I.

On March 19, 2019, Plaintiff filed an original complaint alleging "Sexual harassment and Sexual Discrimination, Discrimination." He further stated he was unemployed and could not work because of "2 surgeries, (1) ran into by an 18-wheeler Borden (2) another car accident." Pl.'s Compl. 1 (ECF No. 3.). He also attached a Notice of Right to Sue issued by the Equal Employment Opportunity Commission on December 21, 2018. *Id.* 3. On March 25, 2019, the Court sent

1

Plaintiff a notice of deficiency notifying him that his complaint failed to comply with Fed. R. Civ. P. 8(a).[1] The Court also sent Plaintiff a form employment discrimination complaint.

On April 26, 2019, Plaintiff filed an amended complaint using the Court's employment discrimination complaint form. In his amended complaint, Plaintiff alleges he was discriminated against on the basis of his religion and gender/sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., when he was terminated from his job at Taylor Farm, received unequal terms and conditions of his employment, and was "attacked and assaulted at work." Pl.'s Am. Compl. 4 (ECF No. 10). The complaint does not state what relief Plaintiff is seeking.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief

---

[1] Rule 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief."

above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

To establish a claim of employment discrimination, Plaintiff must plead and prove that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir.2004). While Plaintiff is not required to submit evidence to establish all the elements of his claim to survive summary dismissal at this stage of the litigation, he must plead enough facts on all the ultimate elements of his claim to make his case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

In this case, Plaintiff fails allege that he is a member of a protected group, that he was qualified for the position he held prior to his termination, that he was replaced by someone outside the protected class, or that other similarly situated

3

employees outside his protected group were treated more favorably. He also fails to plead any facts regarding discrimination based on his gender/sex or religion. The section of the form complaint where Plaintiff was supposed to include the facts of his case is completely blank. Pl.'s Am. Compl. 4-5. Plaintiff has thus failed to state a plausible claim for employment discrimination, and his complaint should be dismissed.

### IV.

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal. But leave to amend is not required when the plaintiff has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Court previously notified Plaintiff that his original complaint was deficient and allowed him an opportunity to file an amended complaint. His amended complaint failed to cure the deficiencies Plaintiff has therefore pleaded his "best case," and the complaint should be dismissed with prejudice.

Signed May 29, 2019.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).